# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:11-CR-6-1- JRG-RSP |
| | § | |
| HOWARD WAYNE COLLINS | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On January 2, 2014, the undersigned held a final hearing on the Government's petition (#31) to revoke supervised release. The Government was represented by Assistant United States Attorney Mary Ann Cozby. The Defendant, Howard Wayne Collins, was represented by Wayne Dickey.

Howard Wayne Collins was sentenced on March 15, 2012, before The Honorable U.S. District Judge Rodney Gilstrap of the Eastern District of Texas after pleading guilty to the offense of Failure to Register, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of V, was 27 to 33 months. Howard Wayne Collins was subsequently sentenced to 9 months imprisonment followed by a 2 year term of supervised release subject to the standard conditions of release, plus special conditions to include sex offender treatment, no contact of any kind with children under the age of 18 unless approved by the probation officer, shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct, shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or

probation officer with reasonable suspicion concerning unlawful conduct or a violation of supervised release, shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; laptop computers (other than a computer approved by the probation office which may be subject to monitoring); iPods, Personal Digital Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection. On March 15, 2012, Howard Wayne Collins completed his period of imprisonment and began service of the supervision term.

On May 24, 2013, this petition to revoke was filed. In its petition, the Government alleges the Defendant violated the following conditions:

1) Standard: The Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month. Specifically, the Government alleges as follows: Mr. Collins failed to report for a scheduled office visit on May 22, 2013 at 9:00 a.m.

2) Standard: The Defendant shall notify the probation officer ten days prior to any change of residence or employment. Specifically, the Government alleges as follows: On May 14, 2013, May 16, 2013, May 23, 2013, the U.S. Probation Officer attempted to contact Mr. Collins at his listed place of residence. The U.S. Probation Office has been unsuccessful in making contact with Mr. Collins.

3) Standard: Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in a sex offender treatment program which may include the

application of physiological testing instruments. The defendant shall pay any cost associated with treatment and testing. Specifically, the Government alleges as follows: Mr. Collins failed to attend sex offender counseling on May 9, 2013, May 16, 2013, and May 23, 2013. Mr. Collins failed to report for a scheduled polygraph test on May 17, 2013.

The Court scheduled a revocation hearing for January 2, 2014. At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to the allegations as set forth above. Based on the Defendant's plea of true to the allegations, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for 10 months, with one year supervised release with the same conditions. The Court recommends service of sentence at FCI Seagoville. Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to the allegations, as set forth in the Government's petition, be **ACCEPTED**. Based upon the Defendant's plea of true to the allegations, it is further recommended that the Court find that the Defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 10 months, with one year supervised release with the same conditions.

At the close of the January 2, 2014 revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 6th day of January, 2014.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE